# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Manuel I., <br><br>       Petitioner, <br><br> v. <br><br> Pamela Bondi, Attorney General; Kristi Noem, Secretary, U.S. Department of Homeland Security; Todd M. Lyons, Acting Director of Immigration and Customs Enforcement; David Easterwood, Acting Director, St. Paul Field Office Immigration and Customs Enforcement; Joel Brott, Sheriff of Sherburne County Jail, <br><br><br>       Respondents. | Case No. 26-CV-1933 (SRN/DLM) <br><br><br> **ORDER** |

Jason L Schellack, Autism Advocacy & Law Center, LLC, 901 N. 3rd St., Ste. 120, Minneapolis, MN 55401, for Petitioner

David W. Fuller and Jesus Cruz Rodriguez, U.S. Attorney's Office, 300 S. 4th St., Minneapolis, MN 55415, for Respondents

SUSAN RICHARD NELSON, United States District Judge

Before the Court is the Petition for a Writ of Habeas Corpus ("Petition") [Doc. No. 1] filed by Petitioner Manuel I.  Petitioner seeks immediate release from detention, or a prompt bond hearing in Immigration Court.  Respondents oppose the Petition. (Resp'ts' Opp'n [Doc. No. 5].)

1

The Court has taken the Petition under advisement on the papers. For the reasons set forth below, the Petition is granted and Respondents shall release Petitioner immediately.

## I.    BACKGROUND

Manuel I. is a resident of Columbia Heights, Minnesota, and a citizen of Ecuador who has lived in the United States since 2022. (Pet. ¶¶ 7, 13.) He alleges that he is not subject to a final order of removal. (*Id.* ¶ 14.)

On March 17, 2026, agents with U.S. Immigration and Customs Enforcement ("ICE") arrested Manuel I. (*Id.* ¶ 16.) He alleges that his arrest was without a warrant. (*Id.*) He is being held in detention at the Sherburne County Jail in Elk River, Minnesota. (*Id.*)

Petitioner filed the instant Petition on March 18, 2026, asserting that he is entitled to immediate release, or, alternatively, a bond hearing. (*Id.* at 18–19.)

In the Court's March 19, 2026 Order to Show Cause, the Court enjoined Respondents from moving Petitioner out of Minnesota until further order of the court, and, to the extent he was released, likewise required Petitioner to remain in Minnesota while his Petition is pending. (OSC [Doc. No. 3] ¶¶ 4–5.) The Court also ordered Respondents to show cause for the "true cause and proper duration of Petitioner's confinement," supported by "[s]uch affidavits and exhibits as are needed to establish the lawfulness . . . of Petitioner's detention," and further directed Respondents to address "[w]hether the absence of a warrant preceding Petitioner's arrest necessitates Petitioner's immediate release." (*Id.* ¶¶ 1, 2(a), (e).) Additionally, the Court required Respondents to distinguish the instant

2

Petition from the Court's prior rulings in *Maldonado v. Olson*, 795 F. Supp. 3d 1134 (D. Minn. 2025), and *E.M. v. Noem*, No. 25-cv-3975 (SRN/DTS), 2025 WL 3157839 (D. Minn. Nov. 12, 2025). (*Id.* ¶ 2(d).)

In their March 23, 2026 two-paragraph Response, Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and is therefore not entitled to release. (Resp'ts' Response at 1.) Respondents' position regarding the applicability of § 1225(b)(2) is consistent with interim guidance from DHS/ICE, and a decision from the Board of Immigration Appeals ("BIA") finding that all persons who enter the United States without inspection, including those who have been residing here for some time, are "applicants for admission" under 8 U.S.C. § 1225(a), subject to mandatory detention, rather than discretionary detention under § 1226(a). *Maldonado*, 795 F. Supp. 3d at 1150 (noting interim guidance); *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). Respondents invoke their prior positions, as set forth in *Avila v. Bondi*, No. 25-3248 (8th Cir. Nov. 10, 2025), currently pending before the Eighth Circuit Court of Appeals. (Resp'ts' Opp'n at 1–2.) In their Response to the Petition, Respondents failed to distinguish the instant Petition from the Court's prior rulings in *Maldonado*, 795 F. Supp. 3d 1134, and *E.M.*, 2025 WL 3157839, and failed to address whether a warrant was issued for Petitioner's arrest.

In Petitioner's Reply [Doc. No. 6], he reiterates his request for immediate release, noting that Respondents did not dispute that ICE failed to possess or present a warrant for his arrest, nor did they address whether the absence of a warrant necessitates his immediate release.

3

## II.   DISCUSSION

### A. Section 1226 Applies

While the parties dispute whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to a noncitizen who is already residing in the United States, there is no dispute that Petitioner was arrested while already residing in the United States.[1]

This Court has previously found, along with the vast majority of district courts throughout the country, that the applicable detention scheme for noncitizens already residing in the country is under § 1226(a), absent any exceptions under § 1226(c). *Maldonado*, 795 F. Supp. 3d at 1150–52, *E.M.*, 2025 WL 3157839, at *4–8; *see also Demirel v. Fed. Detention Ctr.*, No. 25-5488, 2025 WL 3218243, at *4 (E.D. Pa. Nov. 18, 2025) (collecting cases).  By contrast, § 1225(b)(2) applies to noncitizens at or near the border.  *Alvarez Ortiz v. Freden*, 808 F. Supp. 3d 579, 595 (W.D.N.Y. 2025).  To date, two federal courts of appeals have ruled on this issue, reaching opposite conclusions. *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1062 (7th Cir. 2025) (concluding that respondent was not likely to prevail on the merits that petitioner was subject to mandatory detention under § 1225(b)(2)); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) (finding petitioner was subject to mandatory detention under § 1225(b)(2)).  Respondents do not assert that any of the exceptions under § 1226(c) apply.

---

[1] For the reasons stated in prior decisions, *see, e.g.*, *Maldonado*, 795 F. Supp. 3d at 1142–47, the Court finds that it possesses subject matter jurisdiction to consider the Petition. Respondents present no argument to the contrary.

The Court remains unpersuaded by Respondents' statutory interpretation of §§ 1225(b)(2)(A), but notes that Respondents' arguments are preserved for appeal.

### B. Appropriate Remedy

Having determined that § 1225(b) is inapplicable to Petitioner, who otherwise falls under § 1226(a), the Court turns to the appropriate remedy. Section 1226(a) provides that "*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a) (emphasis added). The statute requires the issuance of a warrant as a precursor to detention under § 1226(a). *Ahmed M. v. Bondi*, No. 25-cv-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (citing *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247 (D. Me. 2025), *appeal filed* (Nov. 7, 2025); *J.A.C.P. v. Wofford*, No. 1:25-cv-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025)). "[I]t follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." *Chogllo Chafla*, 804 F. Supp. 3d at 264 (emphasis in original).

Petitioner alleges he was arrested and detained without a warrant and that Respondents have failed to produce a warrant. (Pet. ¶ 16.) Although the Court's Order to Show Cause required Respondents to address "[w]hether the absence of a warrant preceding Petitioner's arrest necessitates Petitioner's immediate release" and to support their position with "[s]uch affidavits and exhibits as are needed to establish the lawfulness . . . of Petitioner's detention," (OSC ¶ 2(a), (e)), Respondents have failed to produce, much less address, § 1226(a)'s warrant requirement here. Nor have they produced any other documentation supporting Petitioner's detention.

As other judges in this District have found, the appropriate remedy for detention that lacks a proper statutory basis under § 1226(a) is release. *Ahmed M.*, 2026 WL 25627, at *3 (finding release the appropriate remedy where Respondents did not produce a warrant); *Juan S.R. v. Bondi*, No. 26-cv-0005 (PJS/LIB) (D. Minn. Jan. 12, 2026) [Doc. No. 8 at 3–4] (following the reasoning of *Ahmed M.* and ordering immediate release where Respondents failed to present evidence of a warrant); *Vedat C. v. Bondi*, No. 25-cv-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025) [Doc. No. 9 at 6] ("[A] bond hearing presupposes lawful detention authority under § 1226.  Where that authority has not been invoked or established, ordering a bond hearing would treat the absence of statutory power as a mere procedural irregularity rather than a substantive defect.").  "Habeas relief . . . addresses the lawfulness of custody itself," and "[f]or detention that lacks a lawful predicate, release is an available and appropriate remedy."  *Id.* Accordingly, Respondents shall immediately release Petitioner from custody.

Accordingly, the Court grants Petitioner's request for release, as set forth below.

### III.   ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that

1. Petitioner Manuel I.'s Petition for a Writ of Habeas Corpus [Doc. No. 1] is **GRANTED**, as follows:

2. Respondents shall release Petitioner from custody immediately, but no later than within 48 hours.

3. Prior to Petitioner's release, Respondents must first notify Petitioner's legal counsel, Jason L Schellack (612-200-9920, jason@autismlawcenter.com), within two hours of his impending release, and include the location of his release

and approximate release time, so that Petitioner's counsel may make transportation arrangements and Petitioner's counsel may notify family members.

4. Upon release, Respondents shall return to Petitioner all of his identifying documents, immigration documents, paperwork of any kind, his cell phone, and any other personal belongings, including clothing and jewelry.

5. Respondents may not administratively recharacterize the release granted by this Order as grounds to impose conditions or re-impose existing conditions in conjunction with release (including release on recognizance or similar instruments), without prior notice to and authorization from the Court, or absent a new and independently lawful custody decision properly executed under the law.

6. Respondents shall confirm Petitioner's release within 48 hours from the date of this Order by filing a document on CM/ECF. This confirmation shall include a copy of conditions of release, if applicable and subject to the requirements set forth in paragraph 5, above.

7. Respondents may not re-detain Petitioner under a statutory theory this Court has rejected in this proceeding absent materially changed circumstances.

Dated: March 22, 2026                              s/Susan Richard Nelson
                                                   SUSAN RICHARD NELSON
                                                   United States District Judge